McCUSKER, ANSELMI, ROSEN & CARVELLI, P.C.
210 Park Avenue, Suite 301
Florham Park, New Jersey 07932
(973) 635-6300
Attorneys for Defendant
Hubbell Lighting, Inc.

### UNITED STATES DISTRICT COURT
### DISTRICT OF NEW JERSEY

| | |
|---|---|
| LIBERTY MUTUAL FIRE INSURANCE COMPANY a/s/o OPEX CORPORATION<br><br>Plaintiff,<br><br>vs.<br><br>PHILLIPS LIGHTING COMPANY, and HUBBEL LIGHTING, INC.<br><br>Defendants. | CIVIL ACTION No. |

### <u>NOTICE OF REMOVAL</u>

**PLEASE TAKE NOTICE** that pursuant to 28 U.S.C. §§ 1332, 1441 and 1446, Defendant Hubbell Lighting, Inc. i/p/a Hubbel Lighting, Inc. ("Hubbell") hereby removes this action from the Superior Court of New Jersey, Law Division, Burlington County, in which it is pending, to the United States District Court for the District of New Jersey, Camden Vicinage.  In support of this Notice of Removal, Hubbell states as follows:

1.    Plaintiff Liberty Mutual Fire Insurance Company ("Plaintiff") commenced this action on or about March 12, 2021, by filing a Complaint against Defendants in the Superior Court, Law Division, Burlington County, New Jersey, captioned *Liberty Mutual Fire Insurance Company*

*a/s/o Opex Corporation v. Phillips Lighting Company, et al.*, Docket No. BUR-L-544-21 (the "State Action").

2.      Other than the filing of Plaintiff's Complaint, there have been no other proceedings before the Superior Court of New Jersey.  True and correct copies of all pleadings Defendant has obtained in the State Action are attached hereto as "Exhibit A."

3.      The Superior Court of New Jersey, Law Division, Burlington County, is located within the District of New Jersey, Camden Vicinage.  Therefore, venue in this Court is proper because the State Action is being removed to the "district court of the United States for the district and division embracing the place where such action is pending."  *See* 28 U.S.C. § 1441(a).

4.      This removal is made without waiver of any defenses, including but not limited to a lack of or improper service of process or insufficiency of service of process.

## THIS COURT HAS ORIGINAL JURISDICTION OVER PLAINTIFF'S CLAIMS

5.      This Court has original subject matter jurisdiction over this action under 28 U.S.C. § 1332(a) because there is diversity of citizenship between Plaintiff and Defendants and the amount in controversy exceeds $75,000, exclusive of interest and costs.  This case is, therefore, removable under 28 U.S.C. § 1441(a).

A.      There is Complete Diversity Between Plaintiff and Defendants

6.      Upon information and belief, Plaintiff is a citizen of the State of Massachusetts for purposes of determining diversity jurisdiction, with an address of 175 Berkeley Street, Boston, Massachusetts.

7.      Hubbell is a Connecticut corporation with a principal place of business in the State of South Carolina at 701 Millennium Blvd., Greenville, SC.

8.     Upon information and belief, Defendant Phillips Lighting Company is a Dutch corporation with its principal place of business in the United States at 200 Franklin Square Drive, Somerset, NJ, but, upon information and belief, has not been served with the Complaint.

B.     <u>The Amount in Controversy Exceeds $75,000</u>

9.     Plaintiff's Complaint concerns a fire that allegedly broke out on April 8, 2017 at premises owned by Plaintiff's insured.  The alleged cause is the malfunction of a lightbulb and light fixture "manufactured, sold, installed, maintained and/or repaired by Defendants [.]"  *See* Exhibit A at ¶¶ 9-11.  Plaintiff alleges that, as a result of the foregoing, it has suffered damages in the amount of $4,744,158.61.  *Id.* at ¶ 15.

10.     Accordingly, for purposes of removal, the amount in controversy in this matter is in excess of $75,000.00, exclusive of interest and costs.

## DEFENDANT TIMELY REMOVED PLAINTIFF'S COMPLAINT AND THE FORUM DEFENDANT RULE DOES NOT BAR REMOVAL

11.     Plaintiff filed its Complaint with the Superior Court of New Jersey on March 12, 2021.  On or about March 15, 2021, Hubbell received notice of the complaint, but has yet to be served.

12.     To the best of Hubbell's knowledge, upon information and belief, no defendant has been served with a summons and a copy of the Complaint.

13.     The "forum-defendant rule" of 28 U.S.C. § 1441(b)(2) does not bar removal.  That provision states that:

> A civil action otherwise removal solely on the basis of jurisdiction under section 1332(a) of this title may not be removed **if any of the parties in interest properly joined and served as defendants** is a citizen of the State in which such action is brought. [28 U.S.C. § 1441(b)(2)] (Emphasis added).

14.     Although Phillips has a principal place of business in New Jersey, it has not yet been served.  The Third Circuit has held that the forum-defendant rule does not bar removal where the in-state defendant has not yet been served.  *Encompass Ins. Co. v. Stone Mansion Rest. Inc.*, 902 F. 3d 147, 152-54 (3d Cir. 2019).

15.     Because Phillips has not been served, it does not need to join in or consent to removal of this action pursuant to 28 U.S.C. § 1446(b)(2)(A).

16.     Moreover, 28 U.S.C. § 1446(b) permits a defendant to remove a civil action within 30 days after receipt of a plaintiff's initial pleading "through service **or otherwise**."  (Emphasis added).  Accordingly, this Notice of Removal is timely filed within thirty (30) days of the first day on which Hubbell "otherwise" received notice of Plaintiff's initial pleading.

## DEFENDANT'S COMPLIANCE WITH 28 U.S.C. § 1446(d)'s NOTICE REQUIREMENTS

17.     Written notice of the filing of this Notice of Removal will be promptly served upon Plaintiff's counsel of record in accordance with 28 U.S.C. § 1446(d).

18.     A true and correct copy of this Notice of Removal will also be promptly filed with the Clerk of the Superior Court of New Jersey, Burlington County, Law Division in accordance with 28 U.S.C. § 1446(d), as an attachment to Defendant's Notice of Filing of Notice of Removal. A true copy of this written notice, without attachments, is attached hereto as "Exhibit B".

**WHEREFORE**, Defendant hereby gives notice that this action is removed from the Superior Court of New Jersey, Burlington County, Law Division, to the United States District Court for the District of New Jersey, Camden Vicinage.

Dated:  March 16, 2021

Samuel B. Santo, Jr., Esq.
James Harry Oliverio, Esq.
McCUSKER, ANSELMI, ROSEN &
CARVELLI, P.C.
210 Park Avenue, Suite 301
Florham Park, N.J. 07932
*Attorneys for Defendant*
*Hubbell Lighting Company*

## <u>CERTIFICATE OF SERVICE</u>

I, Samuel B. Santo, Jr., Esquire, certify that, on this date, I caused the foregoing Notice of Removal to be filed electronically.   The Notice of Removal and supporting papers have been served via electronic mail on counsel for Plaintiff:

Robert A. Stern, Esq.
Clausen Miller P.C.
100 Campus Drive
Florham Park, NJ 07932
rstern@clausen.com

Date:   March 16, 2021

Samuel B. Santo, Jr., Esq.

# EXHIBIT A

Robert A. Stern, Esq. (I.D. #037302002)
Clausen Miller P.C.
100 Campus Drive
Florham Park, NJ 07932
Phone: (973) 410-4130
*Attorneys for Plaintiff*

-------------------------------------------------------X

LIBERTY MUTUAL FIRE INSURANCE
COMPANY a/s/o OPEX CORPORATION

                       Plaintiff,

v.

PHILIPS LIGHTING COMPANY and
HUBBEL LIGHTING, INC.,

                     Defendant(s).

-------------------------------------------------------X

SUPERIOR COURT OF NEW JERSEY
LAW DIVISION: BURLINGTON COUNTY

DOCKET NO.:

CIVIL ACTION

**COMPLAINT
AND JURY DEMAND**

*From The State of New Jersey To The Defendant(s) Named Above:*

*The plaintiff, named above, has filed a lawsuit against you in the Superior Court of New Jersey. The complaint attached to this summons states the basis for this lawsuit. If you dispute this complaint, you or your attorney must file a written answer or motion and proof of service with the deputy clerk of the Superior Court in the county listed above within 35 days from the date you received this summons, not counting the date you received it. (A directory of the addresses of each deputy clerk of the Superior Court is available in the Civil Division Management Office in the county listed above and online at http://www.njcourts.gov/forms/10153_deptyclerklawref.pdf.) If the complaint is one in foreclosure, then you must file your written answer or motion and proof of service with the Clerk of the Superior Court, Hughes Justice Complex, P.O. Box 971, Trenton, NJ 08625-0971. A filing fee payable to the Treasurer, State of New Jersey and a completed Case Information Statement (available from the deputy clerk of the Superior Court) must accompany your answer or motion when it is filed. You must also send a copy of your answer or motion to plaintiff's attorney whose name and address appear above, or to plaintiff, if no attorney is named above. A telephone call will not protect your rights; you must file and serve a written answer or motion (with fee of $175.00 and completed Case Information Statement) if you want the court to hear your defense.*

*If you do not file and serve a written answer or motion within 35 days, the court may enter a judgment against you for the relief plaintiff demands, plus interest and costs of suit. If judgment is entered against you, the Sheriff may seize your money, wages or property to pay all or part of the judgment.*

*If you cannot afford an attorney, you may call the Legal Services office in the county where you live or the Legal Services of New Jersey Statewide Hotline at 1-888-LSNJ-LAW (1-888-576-5529). If you do not have an attorney and are not eligible for free legal assistance, you may obtain a*

*referral to an attorney by calling one of the Lawyer Referral Services. A directory with contact information for local Legal Services Offices and Lawyer Referral Services is available in the Civil Division Management Office in the county listed above and online at http://www.njcourts.gov/forms/10153_deptyclerklawref.pdf.*

Dated: March 12, 2021

_____/s/_____
Michelle M. Smith
Clerk of the Superior Court

Robert A. Stern, Esq. (I.D. #037302002 )
Clausen Miller P.C.
100 Campus Drive
Florham Park, NJ 07932
Phone:  (973) 410-4130
*Attorneys for Plaintiff*

-------------------------------------------------------X

| | |
|---|---|
| LIBERTY MUTUAL FIRE INSURANCE COMPANY a/s/o OPEX CORPORATION | SUPERIOR COURT OF NEW JERSEY LAW DIVISION: BURLINGTON COUNTY |
| Plaintiff, | DOCKET NO.: |
| v. | CIVIL ACTION |
| PHILIPS LIGHTING COMPANY and HUBBEL LIGHTING, INC., | **COMPLAINT AND JURY DEMAND** |
| Defendant(s). | |

-------------------------------------------------------X

Plaintiff, LIBERTY MUTUAL FIRE INSURANCE COMPANY, by and through its attorneys, Clausen Miller P.C., alleges, upon information and belief, the following:

**THE PARTIES**

1.     At all relevant times, Plaintiff LIBERTY MUTUAL INSURANCE COMPANY (hereinafter "Plaintiff" or "LIBERTY") was and is a corporation engaged in the business of property and casualty insurance, maintaining a principal place of business at 175 Berkeley Street, Boston, Massachusetts.

2.     At all relevant times, Plaintiff was and is duly authorized to transact business and has transacted business in the State of New Jersey.

3.     At all relevant times, Plaintiff's Insured, OPEX CORPORATION. (hereinafter "Insured", "Plaintiff's Insured" or "Plaintiff's subrogor"), was the owner of property located at 835 Lancer Drive, Moorestown, NJ (hereinafter "Premises").

4.     At all relevant times, Plaintiff issued a policy of insurance to Insured.

3

5.      At all relevant times, Defendant PHILIPS LIGHTING COMPANY (hereinafter "PHILIPS") is a Dutch corporation with its principal place of business in the United States at 200 Franklin Square Drive, Somerset, NJ 08873.

6.      At all relevant times, Defendant PHILIPS was a manufacturer and seller of light bulbs within the State of New Jersey

7.      At all relevant times, Defendant HUBBEL LIGHTING, INC. (hereinafter "HUBELL") is a South Carolina corporation with its principal place of business at 701 Millemnium Blvd, Greenville, SC 29607.

8.      At all relevant times, Defendant HUBBEL was a manufacturer and seller of light fixtures within the State of New Jersey.

## FACTUAL ALLEGATIONS

9.      On or about April 8, 2017, a fire broke out within the Premises owned by Insured.

10.     Investigation revealed that the fire originated from a light bulb and/or light fixture in the ceiling of the Premises.

11.     The light bulb and light fixture that failed were manufactured, sold, installed, maintained and/or repaired by Defendants Philips and/or Hubbel.

12.     Defendants caused, permitted and allowed a dangerous and unreasonably unsafe condition to exist at the Premises.

13.     The damages to the Premises were caused solely by Defendants' acts and/or omissions in causing, permitting, and/or allowing a dangerous and unreasonably unsafe condition to exist at the Premises.

4

14.     As a result of the foregoing, Plaintiff's subrogor and Plaintiff, by way of subrogation, sustained substantial real and personal property damage, and loss of income, as well as foreseeable financial loss

15.     As a direct, foreseeable and proximate result of the foregoing, Plaintiff suffered damages in the amount of Four Million, Seven Hundred Thirty-Three Thousand, One Hundred Fifty-Eight Dollars and Sixty-One Cents ($4,733,158.61).

## COUNT I – NEGLIGENCE AGAINST ALL DEFENDANTS

16.     Plaintiff hereby incorporates by way of reference the allegations contained in the foregoing paragraphs "1" through "15" as though they were set forth at length herein.

17.     Defendants owed a duty to Plaintiff's Insured and Plaintiff, by way of subrogation, to manufacture, design, construct, install, sell, inspect, service and/or maintain the light bulb and/or light fixture at the Premises in a careful, professional and non-negligent manner.

18.     Defendants owed a duty to Plaintiff's Insured and Plaintiff, by way of subrogation, to manufacture, design, construct, install, sell, inspect, service, and/or maintain the light bulb and/or light fixture at the Premises which would not create a dangerous condition and/or increase the risk of harm to the Premises.

19.     Defendants owed a duty to Plaintiff's Insured and Plaintiff, by way of subrogation, to properly manufacture, design, construct, install, sell, inspect, service and/or maintain the light bulb and/or light fixture at the Premises in a manner that would be fit and sufficient for the purposes for which it was intended.

20.     Defendants owed a duty to exercise due or reasonable care under the circumstances then and there existing.

21.     The aforementioned duties were non delegable.

5

22.     Defendants breached all the above described duties, including, but not limited to, their duties to properly manufacture, design, construct, install, sell, inspect, service and/or maintain the light bulb and/or light fixture at the Premises in accordance with industry customs and standards.

23.     Defendants breached their duties owed to Plaintiff's Insured and Plaintiff, by way of subrogation, by failing to comply with the applicable statutes, rules, regulations, standards and/or ordinances concerning the manufacture, design, construction, installation, sale, inspection, servicing and/or maintenance of the light bulb and/or light fixture at the Premises.

24.     Defendants breached their duties owed to Plaintiff's Insured and Plaintiff, by way of subrogation, by failing to use due care in manufacturing, designing, constructing, installing, selling, inspecting, servicing and/or maintaining the light bulb and/or light fixture at the Premises.

25.     Upon information and belief, had the light bulb and/or light fixture at the Premises functioned properly, the fire would not have ignited, or spread and significant fire damage would not have occurred and/or would have been greatly diminished.

26.     Defendants negligently, carelessly and/or recklessly created a fire hazard by failing to properly and/or prudently manufacture, design, construct, install, inspect, sell, service or maintain the light bulb and/or light fixture at the Premises.

27.     Defendants' manufacture, design, construct, install, inspect, sale, service and/or maintenance of the light bulb and/or light fixture at the Premises was a proximate cause of the damages sustained by Plaintiff's Insured and Plaintiff, by way of subrogation..

28.     As a direct and proximate result of Defendants' negligent acts and/or omissions, which breached these duties, Plaintiff's Insured and Plaintiff, by way of subrogation, sustained damages in the amount of Four Million, Seven Hundred Thirty-Three Thousand, One Hundred Fifty-Eight Dollars and Sixty-One Cents ($4,733,158.61).

6905444.1

WHEREFORE, Plaintiff, LIBERTY MUTUAL FIRE INSURANCE COMPANY a/s/o OPEX CORPORATION demands judgment in its favor and against Defendants PHILIPS LIGHTING COMPANY and HUBBEL LIGHTING, INC., jointly and severally, in the amount of Four Million, Seven Hundred Thirty-Three Thousand, One Hundred Fifty-Eight Dollars and Sixty-One Cents ($4,733,158.61) together with interest, costs of suit, and any other relief which this Honorable Court may deem just and proper.

## COUNT II – BREACH OF CONTRACT

29.     Plaintiff incorporates by reference the allegations set forth at "1" through "28" hereinabove as if more fully set forth herein.

30.     At all relevant times, Defendants entered into one or more written or verbal contracts, quasi-contracts, implied-in-law contracts, constructive contracts, or agreements of similar nature (collectively, the "Contract"), with Plaintiff's Insured for the products at the Premises.

31.     Pursuant to the Contract, Defendants owed a duty to Plaintiff's Insured to supply a non-defective products.

32.     Defendants' acts and/or omissions, on their own and through others, breached the Contract, which directly and foreseeably caused the damage to the Premises and the property or rights of Plaintiff's Insured and Plaintiff, by way of subrogation.

33.     As a direct and foreseeable result of Defendants' breach, Plaintiff's Insured and Plaintiff, by way of subrogation, was caused to incur damages, in the amount of Four Million, Seven Hundred Thirty-Three Thousand, One Hundred Fifty-Eight Dollars and Sixty-One Cents ($4,733,158.61).

7

WHEREFORE, Plaintiff, LIBERTY MUTUAL FIRE INSURANCE COMPANY a/s/o OPEX CORPORATION demands judgment in its favor and against Defendants PHILIPS LIGHTING COMPANY and HUBBEL LIGHTING, INC., jointly and severally, in the amount of Four Million, Seven Hundred Thirty-Three Thousand, One Hundred Fifty-Eight Dollars and Sixty-One Cents ($4,733,158.61) together with interest, costs of suit, and any other relief which this Honorable Court may deem just and proper.

## COUNT III – BREACH OF WARRANTIES

34.    Plaintiff incorporates by reference the allegations set forth at "1" through "33" hereinabove as if more fully set forth herein.

35.    Defendants made express and implied warranties to Plaintiff's Insured concerning the safety and stability of their products.

36.    Defendants' representations, warranties and guarantees were part of the basis for Plaintiff's Insured's purchase, retention and/or use of Defendants' products.

37.    Defendants breached their express and implied warranties, by failing to perform all tasks required of them pursuant to pertinent warranties and codes; satisfy all appropriate industry standards and guidelines; and in general acting in such a negligent, careless and/or reckless manner so as to evince a complete disregard for the safety of the property of others, including, but not limited to, Plaintiff's Insured's property and business.

38.    Defendants breached their express and implied warranties when they negligently, carelessly and/or recklessly provided a defective products to Plaintiff's Insured.

39.    To the extent said express and/or implied warranties were not directly with Plaintiff's Insured, they were for Plaintiff's Insured's benefit and Plaintiff's Insured is an intended third-party beneficiary.

8

40.     As a direct and foreseeable result of Defendants' breach, Plaintiff's Insured and Plaintiff, by way of subrogation, were caused to incur damages, in the amount of Four Million, Seven Hundred Thirty-Three Thousand, One Hundred Fifty-Eight Dollars and Sixty-One Cents ($4,733,158.61).

WHEREFORE, Plaintiff, LIBERTY MUTUAL FIRE INSURANCE COMPANY a/s/o OPEX CORPORATION demands judgment in its favor and against Defendants PHILIPS LIGHTING COMPANY and HUBBEL LIGHTING, INC., jointly and severally, in the amount of Four Million, Seven Hundred Thirty-Three Thousand, One Hundred Fifty-Eight Dollars and Sixty-One Cents ($4,733,158.61) together with interest, costs of suit, and any other relief which this Honorable Court may deem just and proper.

## COUNT IV – PRODUCT LIABILITY

41.     Plaintiff hereby incorporates by way of reference the allegations contained in the foregoing paragraphs "1" through "40" as though they were set forth at length herein.

42.     At all times relevant hereto, Defendants were engaged in the business of manufacturing, designing, testing, inspecting, distributing, installing, selling, and/or placing into the stream of commerce the light bulb and/or light fixture at the Premises.

43.     Defendants, their agents, representatives and/or employees manufactured, designed, tested, inspected, distributed, sold, and/or placed into the stream of commerce a defective product and/or its component parts, which was a proximate cause of the damages sustained by Plaintiff's Insured and Plaintiff, by way of subrogation..

44.     The light bulb and/or light fixture at the Premises were:

(a)     in a defective condition and/or unreasonably dangerous at the time they left Defendants' possession; and,

9

6905444.1

(b)      not changed in any manner after it left Defendants' possession and before they malfunctioned.

45.     The defects in the light bulb and/or light fixture were directly and proximately responsible for the fire at the Premises on April 8, 2017, and Plaintiff's Insured and Plaintiff's damages, by way of subrogation.

46.     Defendants did not provide adequate warnings, directions and/or instructions, with respect to the light bulb and/or light fixture.

47.     Defendant is further liable because:

(a) The light bulb and/or light fixture were manufactured, designed, tested, inspected, distributed and/or sold in a dangerous and defective condition in that it was susceptible to failure under usual conditions;

(b) The light bulb and/or light fixture were by reason of their dangerous and defective condition unsafe and unfit for their ordinary and represented use and purpose;

(c) The light bulb and/or light fixture were manufactured, designed, tested, inspected, distributed, installed, and/or sold in such a manner by Defendants that they were subject to failure;

(d) Defendants manufactured, designed, tested, inspected, distributed, installed and/or sold the light bulb and/or light fixture, which created ultra-hazardous and/or unreasonably dangerous products;

(e) Defendants knew, or should have known, that the light bulb and/or light fixture were defective, dangerous and/or unreasonably hazardous, and therefore, Defendants had a duty to warn, instruct and/or direct Plaintiff's Insured, of these dangers;

10

(f) Defendants failed to warn, instruct, and or direct Plaintiff's Insured of the defective, dangerous, and/or unreasonably hazardous conditions of the light bulb and/or light fixture;

(g) Defendants took no measures to correct or repair said dangerous and/or defective conditions in order to avoid subjecting Plaintiff's Insured to an unreasonable risk of injury or damages after Defendants knew or should have known of the risk; and/or

(h) Defendants took no measures to manufacture, design, test, inspect and/or install the light bulb and/or light fixture in such a way as to prevent the failure.

48.     In light of all of the above, Defendants are responsible for Plaintiff's Insured and Plaintiff's, by way of subrogation, loss in strict liability and/or negligence.

49.     The aforementioned defects in the light bulb and/or light fixture were the proximate cause for the spread of the fire at the Premises and the damages sustained by Plaintiff's Insured and Plaintiff, by way of subrogation, in the amount of Four Million, Seven Hundred Thirty-Three Thousand, One Hundred Fifty-Eight Dollars and Sixty-One Cents ($4,733,158.61).

WHEREFORE, Plaintiff, LIBERTY MUTUAL FIRE INSURANCE COMPANY a/s/o OPEX CORPORATION demands judgment in its favor and against Defendants PHILIPS LIGHTING COMPANY and HUBBEL LIGHTING, INC., jointly and severally, in the amount of Four Million, Seven Hundred Thirty-Three Thousand, One Hundred Fifty-Eight Dollars and Sixty-One Cents ($4,733,158.61) together with interest, costs of suit, and any other relief which this Honorable Court may deem just and proper.

11

**JURY DEMAND**

Plaintiff hereby demands a jury trial as to all issues so triable.

**DESIGNATION OF TRIAL COUNSEL**

Pursuant to *R.* 4:25-4, Robert A. Stern, Esq. is hereby designated as trial counsel.

**CERTIFICATION PURSUANT TO R. 4:5-1(B)(2)**

Pursuant to *R.* 4:5-1, we hereby certify that the matter in controversy is not the subject of

a pending proceeding.

**CERTIFICATION PURSUANT TO R. 4:5-1(B)(3)**

I certify that confidential personal identifiers have been redacted from documents now

submitted to the court and will be redacted from all documents submitted in the future in

accordance with *R.* 1:38-7(b).

Dated: March 12, 2021             CLAUSEN MILLER P.C.
       Florham Park, NJ           *Attorneys for Plaintiff*

By:           _____

                Robert A. Stern, Esq. (I.D. # 037302002)
                100 Campus Drive
                Florham Park, NJ 07932
                (973) 410-4130

# EXHIBIT B

Samuel B. Santo, Jr. (ID #036181989)
James Harry Oliverio (ID #065902013)
McCUSKER, ANSELMI, ROSEN & CARVELLI, P.C.
210 Park Avenue, Suite 301
Florham Park, New Jersey 07932
(973) 635-6300
Attorneys for Defendant
Hubbell Lighting, Inc.

| | |
|---|---|
| LIBERTY MUTUAL FIRE INSURANCE COMPANY a/s/o OPEX CORPORATION<br><br><br>Plaintiff,<br><br>vs.<br><br><br>PHILLIPS LIGHTING COMPANY, and HUBBEL LIGHTING, INC.<br><br><br>Defendants. | **SUPERIOR COURT OF NEW JERSEY**<br>**LAW DIVISION**<br><br>CIVIL ACTION<br>Docket No. BUR-L-544-21<br><br><br><br>**NOTICE OF FILING OF**<br>**NOTICE OF REMOVAL** |

TO:   Clerk of Court
      Superior Court of New Jersey
      Law Division, Burlington County
      49 Rancocas Road
      Mt. Holly, NJ 08060

      Robert A. Stern, Esq.
      Clausen Miller P.C.
      100 Campus Drive
      Florham Park, NJ 07932
      rstern@clausen.com

**PLEASE TAKE NOTICE** that Defendant Hubbell Lighting, Inc., i/p/a Hubbel Lighting,

Inc. ("Hubbell") by and through its undersigned counsel, filed a Notice of Removal in the United

States District Court for the District of New Jersey on the 16th day of March 2021.

**PLEASE TAKE FURTHER NOTICE** that a true and correct copy of the original Notice of Removal, which was filed in the United States District Court for the District of New Jersey, is attached hereto (without exhibits) as Exhibit 1 and has been served along with this notice on counsel for Plaintiff.

**PLEASE TAKE FURTHER NOTICE** that pursuant to 28 U.S.C. § 1446(d), no further proceedings shall occur in this Court unless and until this case in remanded.

Respectfully submitted,

Dated:  March 16, 2021

Samuel B. Santo, Jr. (ID #036181989)
James Harry Oliverio
McCUSKER, ANSELMI, ROSEN &
CARVELLI, P.C.
210 Park Avenue, Suite 301
Florham Park, N.J. 07932
*Attorneys for Defendant*
*Hubbell Lighting Company*

## CERTIFICATE OF SERVICE

I, Samuel B. Santo, Jr., Esquire, certify that, on this date, I caused the foregoing Notice of

Filing of Notice of Removal to be filed electronically with the Superior Court of New Jersey, Law

Division, Burlington County via eCourts and served via electronic mail on counsel for Plaintiff:

Robert A. Stern, Esq.
Clausen Miller P.C.
100 Campus Drive
Florham Park, NJ 07932
rstern@clausen.com

Date:   March 16, 2021

Samuel B. Santo, Jr., Esq.